The opinion of the Court was delivered by
Wardlaw, Ch.
The bill in this case is simply a bill for foreclosure of a mortgage, and does not seek payment of the debt from the defendants beyond the estate in their possession subject -to the plaintiff’s lien. The defendants never contracted, in any form, to pay the debt claimed, and it would have been absurd and unjust to pursue them nakedly for this purpose; but they acquired estate with implied notice of air existing lien upon it for satisfaction of plaintiff’s demand, and cannot complain of the enforcement of this limited right. In the first ground of appeal, defendants insist that the personal representative of the deceased mortgagor, or, at least, the assignee of his estate, by deed of the mortgagor in his lifetime, should have been made a party defendant. Personalty, in case of land, is the primary fund for payment of'debts,; and, as Courts of Equity delight to do complete justice, and not by fragments, as first to decree the liability of the heir or alienee of the realty, and then put him by another bill to claim reimbursement out of the personalty, they usually exact, to avoid circuity of action, that in suits concerning the bonds or covenants of one deceased, the executor or administrator, as well as the heir, devisee or *49 alienee, shall be a party. Knight vs. Knight, 3 P. Wms., 333 ; Valk vs. Vernon, 2 Hill Ch., 256 ; Drayton vs. Marshall, Rice Eq., 373. Yet, Courts of Equity have not acted on this doctrine in bills simply for foreclosure; for, although a mortgage is a debt primarily charged on the personal assets, a mortgagee is not bound to involve himself in an intricate account concerning the personalty of his debtor, and may, at his option, pursue singly his real security, leaving the terre-tenant to his remedies for reimbursement. Duncombe vs. Hansley, cited by Mr. Cox, 3 P. Wms., 333 ; Coop. Eq. Pl., 38; Calv., Part. 167; Stor. Eq. Pl., 175, 176.
In some of the Euglish cases, and in our own case of Drayton vs. Marshall, a distinction is intimated as to the necessity of bringing the personal representative before the Court, between bills for foreclosure and bills for the sale of the mortgaged realty. In England, bills for foreclosure are usually brought to quiet the estates of the mortgagees, simply, by barring proceedings of the mortgagors for the equity of redemption; but here, as in the Irish Chancery, bills of foreclosure proceed for the sale of the mortgaged premises. Iin my judgment, so far as the making of parties is concerned., bills for foreclosure here stand on the same foot as in England. Certainly there is a great difference in procedure between barring the rights of the mortgagor and enforcing payment of the debt from the sale of the mortgaged premises; but the substantial result is identical, as in both instances the lien is enforced. It is precisely similar to the difference of practice as to partition and dower, always specific in England; here commonly by sale or assessment. Whatever may be the form of procedure as to foreclosure, the same propriety exists of exempting the mortgagee from the necessity aga-inst his option of intermeddling in the administration of the personalty. One having a ready remedy should not be delayed until the equities of all interested in the matter should- be adjusted. I expressed these views briefly in the circuit opinion in Wright vs. Eaves, Ms., December, 1858, and they *50 were not disapproved by the Court of Errors, although my learned and expert associate, Chancellor Dunkin, did express some preference, that in addition to an administrator de bonis non, who w,as a party there, representatives of sureties of former administrations of the mortgagor’s estate should be made parties in order that complete justice might be done. That was a bill for foreclosure against the alienee of the mortgagor. In Scott vs. Davis, Ms., Columbia, December, 1856, I, 122, the representative was treated as an unnecessary party in a bill for foreclosure, on the principle of the case of Goodwin vs. State Bank, 4 Des., 389.
In this particular case it may not be necessary to rely on the general doctrine. The defendants do not demur for lack of parties, and so far from insisting on the necessity of making Fenton’s personal representative a party, they, by their averments, help the plaintiff, suggesting that Fenton died insolvent and intestate, and that no person has administered on his estate. This may be well considered as waiving any plea that an executor or administrator of Fenton should have been impleaded by the plaintiff; but in the same connection the defendants substantially insist that the assignee of Fenton should be a party. As to the assignee they cannot be considered as concluded by their answer. All of us concur in the conclusion that the assignee was not a necessary party, but there is difference among us in the process of reasoning, by which this result is attained. It is proper to avoid, so far as practicable, discussion of matters which may be hereafter litigated. If the plaintiff were in the first class of preferred creditors, whether he accepted or not the terms of the assignment, within the time limited, as the Chancellor supposed, then the defendants might have paid the debt and obtained an assignment of the mortgage entitling themselves to the same preference, or may be now entitled to subrogation to the rights of the mortgagee on payment of the debt,,and in this view the defence is, to a great extent, unfructual and fanciful, and should be disallowed as not formally pleaded. If, *51 however, the assignment be interpreted as in trust for Ihe payment of such creditors as accepted its terms in proper time, then the plaintiff (or the defendants, if in any event his substitutes,) is not within the protection of the deed of assignment, and the assignee is a stranger, and consequently an unnecessary party. Personally I am not involved in this dilemma, for I believe on general principles that the mortgagee at his option may exclusively pursue his real security. On the other questions submitted, we consider argumentation unnecessary as they are authoritatively settled by the case of Wright and Eaves, above referred to, or are in themselves plain.
It is ordered and decreed that the Circuit decree be affirmed and the appeal be dismissed.
Johnston and Dun kin, CC., concurred.